961 F.2d 1579
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David E. STANFIELD, Petitioner-Appellant,
v.
John T. WIGGINTON, Secretary of Corrections; Department of
Corrections, Respondents-Appellees.
 No. 92-5039.
 United States Court of Appeals, Sixth Circuit.
 May 8, 1992.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 David E. Stanfield, a pro se Kentucky prisoner, appeals a district court order dismissing his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking injunctive and monetary relief, Stanfield sued the Kentucky Corrections Cabinet and John T. Wigginton, Secretary of the Cabinet, alleging that: 1) he was incarcerated for more than 45 days in a county jail after his final sentence contrary to state law; and 2) he was being denied smoking privileges at the county jail. Stanfield did not allege in what capacity he sued Wigginton. The case was referred to a magistrate judge who sua sponte recommended the smoking issue be dismissed because the issue had been previously litigated in state court. The district court adopted the magistrate judge's recommendation noting that Stanfield had not objected to the report. Defendants-appellees then moved to dismiss the complaint. The magistrate judge recommended that defendants' motion be granted. Over Stanfield's objections, the district court adopted the magistrate judge's report.
 
 
 3
 Stanfield filed this timely appeal arguing that: 1) he sued Wigginton in his individual capacity; 2) defendants violated state law by delaying his transfer to a state facility; and 3) the district court erred by not granting his motion to use the county law library prior to his transfer to the state prison. He requests leave to proceed in forma pauperis, oral argument, and a transcript at government expense. He has also moved for the appointment of counsel.
 
 
 4
 Because defendants filed evidence outside the pleadings which was not excluded from the district court's consideration, their motion to dismiss must be treated as one for summary judgment. See Fed.R.App.P. 12(b); Monks v. Marlinga, 923 F.2d 423, 425 (6th Cir.1991) (per curiam). This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.App.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 5
 Upon de novo review, we conclude that defendants were entitled to summary judgment as a matter of law. See Celotex Corp., 477 U.S. at 323. Accordingly, we grant Stanfield leave to proceed in forma pauperis for the purposes of this appeal, deny the remaining requests for relief, and affirm the district court's judgment for the reasons set forth in the magistrate judge's report filed on October 23, 1991, and as adopted by the district court in its opinion filed on December 26, 1991. Rule 9(b)(3), Rules of the Sixth Circuit.