989 F.2d 500
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth A. MCCREADY, Plaintiff-Appellant,
v.
Claude R. THOMAS; Jill Eaton Weathers; Elaine Stocking;
Ronald Retzloff, Defendants-Appellees.
 No. 92-2019.
 United States Court of Appeals, Sixth Circuit.
 March 23, 1993.
 
 Before MERRITT, Chief Judge, and BOGGS and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Kenneth A. McCready, a pro se Michigan resident, appeals a district court judgment dismissing his civil rights action filed under multiple statutes. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, McCready sued Claude R. Thomas, a judge for the State of Michigan; Jill Weathers, Judge Thomas's law clerk; Elaine Stocking, Judge Thomas's court reporter; and Ronald Retzloff, a deputy sheriff responsible for security in Judge Thomas's court. McCready alleged that defendants violated his civil rights on February 27, 1991, when Judge Thomas found him in contempt of court for failing to comply with an earlier court order. McCready was jailed for a short period of time until his fine was paid.
 
 
 3
 McCready filed his complaint alleging that the defendants violated his civil rights under 42 U.S.C. §§ 1983 and 1985, and raising state tort claims of false imprisonment, assault, battery, intentional infliction of emotional distress, liable, and slander. The defendants moved to dismiss the complaint for failing to state a cause of action and for summary judgment. The district court granted defendants' motions. McCready filed this timely appeal essentially arguing that the district court erred by concluding that Thomas was entitled to absolute judicial immunity. He requests oral argument.
 
 
 4
 All defendants except Retzloff moved to dismiss the complaint under Fed.R.Civ.P. 12(b)(6). Retzloff moved for summary judgment under Fed.R.Civ.P. 56(c). The district court did not state under which rule it was dismissing the complaint. Because the parties filed evidence outside the pleadings which was not excluded from the district court's consideration, the motion to dismiss under Rule 12(b)(6) must be treated as a motion for summary judgment. See Monks v. Marlinga, 923 F.2d 423, 425 (6th Cir.1991) (per curiam). Furthermore, it is noted that McCready has not raised any issues as to defendants Weathers, Stocking, and Retzloff. McCready's claims as to these defendants are therefore abandoned and are not reviewable on appeal. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 5
 Upon de novo review, we conclude that there are no genuine issues of material fact and that Thomas is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Thomas is entitled to absolute judicial immunity. King v. Love, 766 F.2d 962, 965 (6th Cir.1985). The district court properly dismissed McCready's state tort claims without prejudice and denied his request for injunctive relief. See Vandiver v. Hardin County Bd. of Educ., 925 F.2d 927, 935 (6th Cir.1991).
 
 
 6
 Accordingly, we deny the request for oral argument and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.