25 F.3d 1050
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Clifford E. SMITH, Jr., Plaintiff-Appellant,
v.
William BARRETT; Iris Reed Barrett; Gene Ecton Smith; Ben
Curtis Smith; Paul Fauri; Dr. David Gergen; Judge Joyce
Albro; Judge Rhorer; First Federal Savings & Loan
Association of Frankfort; Bruce Hundley; Elkhorn Springs,
Inc., Defendants-Appellees, (93-6440)
William BARRETT, Individually and Officially; Iris Reed
Barrett; Individually and Officially; Ohio Farmers
Insurance Company; Gene Ecton Smith, Individually and
Officially; Ben Curtis Smith, Individually and Officially;
Paul Fauri; Joyce Albro, Judge, Individually and
Officially; Reed Rhorer, Judge, Individually and
Officially; Fidelity and Deposit Company of Maryland;
First Federal Savings & Loan Association of Frankfort, Inc.;
Bruce Hundley; Susan Hundley; Elkhorn Springs Farm, Inc.,
a Kentucky Corporation; Farm Credit Services of Midamerica,
ACA; John Doe(s), Title Insurance Company # 1; Bertie Lee
Spencer, also known as Mickey Spencer; Patricia Helen
Spencer; John Doe(s), Title Insurance Company # 2; John
Doe(s), Mortgagee, Defendants-Appellees,
John A. Gergen, Individually and Officially, Defendant. (93-6562)
 Nos. 93-6440, 93-6562.
 United States Court of Appeals, Sixth Circuit.
 May 20, 1994.
 
 1
 Before: JONES, Circuit Judge; WELLFORD, Senior Circuit Judge, and ENSLEN, District Judge.*
 
 ORDER
 
 2
 Clifford E. Smith, Jr., a pro se Kentucky resident, appeals two district court orders dismissing his civil complaints filed pursuant to multiple statutes. The cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking declaratory and monetary relief, Smith filed two complaints against multiple Kentucky residents, Kentucky judges, and corporations. The state court judges were sued in their individual and official capacities. Smith's complaints concerned his appointment as executor of his father's estate and trustee of his father's trust. Smith was subsequently removed from both positions due to mental incompetence and was appointed a guardian. After the guardianship was terminated several years later, Smith states that his trust assets had declined from approximately $500,000 to $54,000.
 
 
 4
 Smith's first complaint (Case No. 93-6440) was referred to Magistrate Judge James F. Cook who recommended that the case be dismissed without prejudice. Smith did not file objections to the report, although the state court judges objected to the recommendation that the complaint be dismissed without prejudice. Upon de novo review, Judge Karl S. Forester adopted the magistrate judge's report and dismissed the complaint.
 
 
 5
 Smith's second complaint (Case No. 93-6562) was also referred to Magistrate Judge Cook who recommended that the case be dismissed for the same reasons contained in his prior report. Both Smith and the defendants filed objections to this report. Upon de novo review, Judge Henry Wilhoit adopted the magistrate judge's report and dismissed the complaint as meritless.
 
 
 6
 In his timely appeals, Smith raises a plethora of issues. He requests oral argument.
 
 
 7
 The defendants moved to dismiss the cases pursuant to Fed.R.Civ.P. 12(b)(6). Because the parties filed evidence outside the pleadings which was not excluded from the district court's consideration, the motions must be treated as motions for summary judgment. See Monks v. Marlinga, 923 F.2d 423, 425 (6th Cir.1991) (per curiam). This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 8
 In Case No. 93-6440, we conclude that Judge Forester did not err in denying Smith's motion for recusal. Browning v. Foltz, 837 F.2d 276, 279 (6th Cir.1988), cert. denied, 488 U.S. 1018 (1989). Smith's remaining arguments as to this appeal are not reviewable because Smith did not object to the magistrate judge's decision denying his motion to amend his complaint, nor did he file objections to the magistrate judge's report recommending that the complaint be dismissed. Smith's failure to make timely objections waived appellate review of the magistrate judge's decision. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Willis v. Sullivan, 931 F.2d 390, 400-01 (6th Cir.1991); see also Fed.R.Civ.P. 72(a). Finally, Smith's contention that Judge Forester's order adopting the magistrate judge's report was "sloppy" is meritless.
 
 
 9
 As to Smith's appeal in Case No. 93-6562, Smith has waived all his arguments except the immunity issue as to the state court judges. In his timely objections to the magistrate judge's report recommending that the complaint be dismissed, Smith only objected to the magistrate judge's conclusion that the state court judges, who presided over his guardianship case, were entitled to immunity. Because Smith only filed objections to this one issue, Smith's remaining arguments as to this appeal are unreviewable. See Thomas, 474 U.S. at 155; Howard v. Secretary of Health and Human Servs., 932 F.2d 505, 509 (6th Cir.1991).
 
 
 10
 A review of the facts establishes that the state trial judges are entitled to immunity. Both judges acted within their judicial capacity in handling Smith's guardianship. Therefore, they are entitled absolute judicial immunity. King v. Love, 766 F.2d 962, 966 (6th Cir.), cert. denied, 474 U.S. 971 (1985). Furthermore, Smith's contention that the Eleventh Amendment does not apply to suits against state officials brought by citizens of the same state is meritless. Thiokol Corp. v. Department of Treasury, State of Mich., Revenue Div., 987 F.2d 376, 381 (6th Cir.1993).
 
 
 11
 Accordingly, we deny the request for oral argument and affirm the district court's orders. Rule 9(b)(3), Rules of the Sixth Circuit. This disposition is without prejudice with respect to any state actions.
 
 
 
 *
 The Honorable Richard S. Enslen, United States District Judge for the Western District of Michigan, sitting by designation