76 F.3d 379
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Saii JOHARI, Plaintiff-Appellant,
v.
OHIO STATE LANTERN, et al., Defendants-Appellees.
 No. 95-3421.
 United States Court of Appeals, Sixth Circuit.
 Jan. 26, 1996.
 
 1
 Before: MARTIN and RYAN, Circuit Judges, and KATZ, District Judge.*
 
 ORDER
 
 2
 Saii Johari, a pro se Ohio resident, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1981 and multiple amendments to the United States Constitution. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking declaratory, monetary, and injunctive relief, Johari sued The Ohio State Lantern (the student newspaper of Ohio State University) and various members of the paper contending that the defendants discriminated against blacks and other ethnic groups by denying them the right to be equally heard on various issues. Johari also alleged that defendants refused to print his articles in the newspaper violating his First Amendment rights. Defendants moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) and Johari moved for summary judgment. The district court denied Johari's motion for summary judgment, but granted defendants' motion to dismiss for failure to state a claim.
 
 
 4
 In his timely appeal, Johari argues that the newspaper and its staff are required to publish his editorial letters. Johari contends that he is a member of the Kemet-Nu religion and that his religion has never been discussed in the newspaper. Thus, the newspaper is discriminating against him based on his religious beliefs.
 
 
 5
 The district court dismissed the case pursuant to Fed.R.Civ.P. 12(b)(6) concluding that Johari had failed to state a claim upon which relief can be granted. Because the parties filed evidence which was not excluded from the district court's consideration, the defendants' motion to dismiss must be treated as a motion for summary judgment. See Monks v. Marlinga, 923 F.2d 423, 425 (6th Cir.1991) (per curiam). This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 6
 Upon review, we conclude that defendants were entitled to summary judgment as a matter of law. The essence of Johari's complaint is that because the newspaper solicits letters and articles from its readers, the newspaper is required to publish his articles. Contrary to Johari's argument, the First Amendment does not require a private publication to publish any information by an outsider. See Miami Herald Publishing Co. v. Tornillo, 418 U.S. 241, 256-58 (1974); Knox County Local, Nat'l Rural Letter Carriers' Ass'n. v. National Rural Letter Carriers' Ass'n., 720 F.2d 936, 939 (6th Cir.1983).
 
 
 7
 Johari contends that Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 690-91 (1978), requires that his letters be published because the newspaper must adhere to its promulgated procedures. However, the advertisements soliciting contributions do not establish any binding policy or procedure. The newspaper clearly reserves the right to edit any contribution and informs the reader that the newspaper cannot publish all the letters it receives. Finally, Johari alleged that he was being subjected to racial discrimination in violation of § 1981. Johari has not shown, nor does the record reflect, that Johari was subjected to any racial discrimination.
 
 
 8
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation