81 F.3d 161
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John W. SPIVEY, Plaintiff-Appellant,
James K. Campbell; James Owsley; Michale Todd Clem, Plaintiffs,
v.
Jack LEWIS, Commissioner, Department of Corrections, in his
official capacity; Donald Stewart, Director, Lee
Adjustment Center, in his official
capacity, Defendants-Appellees.
 No. 95-5815.
 United States Court of Appeals, Sixth Circuit.
 March 20, 1996.
 
 Before: LIVELY, MARTIN and MOORE, Circuit Judges.
 
 ORDER
 
 1
 John W. Spivey, a pro se Kentucky prisoner, appeals a district court order dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory and injunctive relief, Spivey and three other prisoners sued Jack Lewis, the Commissioner of the Kentucky Department of Corrections, and Donald Stewart, the Director of the Lee Adjustment Center in their individual and official capacities. Plaintiffs requested a court order directing defendants to increase the amount of money inmates may have in their prison account in order to qualify for indigent status. Plaintiffs argued that the prison's current policies force them to choose between purchasing hygiene items and legal supplies. Plaintiffs sought class certification to represent similarly situated inmates.
 
 
 3
 Upon de novo review of a magistrate judge's report, the district court dismissed the case pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim for which relief could be granted. The district court also denied plaintiffs' request for class certification. Only plaintiff Spivey is before this court as he is the only plaintiff to file a notice of appeal. Further, Spivey specifically states in his notice that he is appealing only that portion of the district court's order which relates to defendant Jack Lewis. In his timely appeal, Spivey continues to argue the merits of his complaint.
 
 
 4
 The district court dismissed the case pursuant to Rule 12(b)(6) concluding that Spivey had failed to state a claim upon which relief can be granted. Because the parties filed evidence which was not excluded from the district court's consideration, the district court improperly dismissed the complaint under Rule 12(b)(6). The dismissal must be treated as a motion for summary judgment. See Monks v. Marlinga, 923 F.2d 423, 425 (6th Cir.1991) (per curiam). This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). This court lacks jurisdiction over all other plaintiffs in this case, except for Spivey, as he is the only named appellant in the case. See Jones v. Cassens Transp., 982 F.2d 983, 984 (6th Cir.1993). Further, only those issues which apply to defendant Lewis are appealable because Spivey specifically stated in his notice of appeal that he was appealing only those issues relating to Lewis. See Wilson v. Firestone Tire & Rubber Co., 932 F.2d 510, 516 (6th Cir.1991).
 
 
 5
 Upon review, we conclude that Spivey is not entitled to injunctive relief as he has not established that he has suffered from a palpable injury. Therefore, Spivey lacks standing to prosecute this action. Standing is a threshold requirement to any suit. Heimberger v. School Dist. of City of Saginaw, 881 F.2d 242, 245 (6th Cir.1989). A three-part analysis is used to determine whether a party has standing to bring an action: 1) the party must allege and prove a distinct and palpable injury; 2) this injury must be fairly traceable to the defendants' allegedly unlawful conduct; and 3) there must be a substantial probability that the claimed injuries will be redressed by the requested relief. Id.
 
 
 6
 Spivey contends that CPP Policy No. 14-04-01 denies him access to the courts by forcing him to choose between purchasing legal materials and personal hygiene products. The policy does not prevent Spivey from filing his legal actions. To the contrary, the policy protects Spivey's access to the courts. If Spivey chooses to purchase additional items beyond those supplied by prison officials, once his prison account goes below $5, Spivey is entitled to free legal supplies. If Spivey chooses to spend his money on a combination of hygiene products and legal materials, once his account goes below $5, his legal materials are free.
 
 
 7
 Further, inmates enjoy a constitutional right of access to the courts that encompasses either an adequate law library or assistance from prisoners trained in the law. Bounds v. Smith, 430 U.S. 817, 828 (1977). The right of access to the courts prohibits prison officials from erecting any barriers that may impede the inmate's accessability to the courts. Knop v. Johnson, 977 F.2d 996, 1009 (6th Cir.1992), cert. denied, 113 S.Ct. 1415 (1993). The prison policy does not erect any barriers to Spivey's access to the courts. Rather, the policy ensures that Spivey has the ability to obtain legal materials if he is unable to afford them. Spivey has simply not suffered a palpable injury.
 
 
 8
 Accordingly, we affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.