82 F.3d 417
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Don BURTON and Tim McEvers, Plaintiffs-Appellees,
v.
Mark DODD, et al., Defendants-Appellants.
 No. 95-5143.
 United States Court of Appeals, Sixth Circuit.
 April 8, 1996.
 
 Before: KEITH, MARTIN, and NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from an order granting summary judgment in favor of the defendants in a case brought under 42 U.S.C. § 1983. The appeal turns primarily on the question whether the plaintiffs, two officers on the police force of the City of Lavergne, Tennessee, were employees at-will. Because we are satisfied, upon de novo review, that this question must be answered in the affirmative, we shall affirm the judgment.
 
 
 2
 * In April of 1992 Mayor Shirley Winfree promoted plaintiff Don Burton, a patrol officer, to the position of Assistant Chief of Police for the City of Lavergne. Mr. Burton and Mayor Winfree agreed orally that Mr. Burton would report directly to the mayor, bypassing Chief of Police Mike Patrick. It was also agreed, according to the deposition testimony, that Mr. Burton would remain employed so long as Mayor Winfree held office and Mr. Burton "did what he was supposed to do as a police officer." In May or June of 1992 plaintiff Tim McEvers was hired as a patrol officer on the same terms.
 
 
 3
 After Mr. McEvers was hired, he and Mr. Burton repeatedly allowed a civilian named Tom Oakley to accompany them in their patrol vehicle while armed. Mr. Oakley was not licensed to carry a firearm. When Chief Patrick was apprised of these facts, he suspended the officers without pay pending an investigation. After a full hearing before the Lavergne Board of Alderman, the officers were found to have violated departmental policy and procedures. By a three-to-two vote, the board terminated their employment.
 
 
 4
 Burton and McEvers then brought the present civil rights action, contending that they had been deprived of property and liberty without due process of law; that the terminations violated their First Amendment rights to freedom of political association and affiliation; and that the defendants were guilty of breach of contract. The liberty interest claim was later dismissed voluntarily, and summary judgment was entered for the defendants on the remaining claims. The plaintiffs now appeal, contending that the district court erred in its disposition of the breach of contract and First Amendment claims.
 
 II
 
 5
 Under Tennessee law, "an oral contract for life time employment or permanent employment amounts to an indefinite hiring terminable at the will of either party...." Price v. Mercury Supply Co. Inc., 682 S.W.2d 924, 934 (Tenn.Ct.App.1984). An at-will employee can be discharged for no cause at all. Chism v. Mid-South Milling Co. Inc., 762 S.W.2d 552, 555 (Tenn.1988). Such an employee has no actionable claim for breach of contract, in the event of a discharge, because there is no contractual right to continued employment. Forrester v. Stockstill, 869 S.W.2d 328, 330 (Tenn.1994).
 
 
 6
 In the case at bar, it is clear that the plaintiff officers were at-will employees. Lavergne's Board of Aldermen had the right to remove them, see Ruddell v. City of Lavergne, 1993 WL 501371, at * 1 (Tenn.Ct.App. December 8, 1993) (unpublished opinion), and no breach of contract occurred when that right was exercised.
 
 III
 
 7
 The plaintiffs claim that they were fired because of their political beliefs or affiliations, in contravention of their rights under the First Amendment. See Branti v. Finkel, 445 U.S. 507, 515-17 (1980); Monks v. Marlinga, 923 F.2d 423, 425 (6th Cir.1991). As we read the record, however, there was no evidence on which a jury could properly have been allowed to find for the plaintiffs on this issue. Accordingly, and for the additional reasons given by the district court, the judgment is AFFIRMED.