89 F.3d 834
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jeffrey T. KILISZEWSKI, Plaintiff-Appellant (No. 95-1705),
Cross-Appellee (No. 95-1731),
Valerie A. Kiliszewski; Theodore T. Kiliszewski, Plaintiffs,
v.
William D. CAMDEN, severally and individually and in his
official capacity, with others to be discovered and named;
Larry Groggel, individually and in his official capacity,
with others to be discovered and named; Jonathan Schuster,
severally, individually and in his official capacity, with
others to be discovered and named; Kim Pfeiffer, severally,
individually and in her official capacity, with others to be
discovered and named; Douglas J. Dok, Jr., severally,
individually and in his official capacity, with others to be
discovered and named; Diann J. Landers, severally,
individually and in her official capacity, with others to be
discovered and named; Beth A. Kiliszewski, severally,
individually and in her official capacity, with others to be
discovered and named; Julie K. Haveman, severally,
individually and in her official capacity, with others to be
discovered and named; Lynn Marie Perry, severally,
individually and in her official capacity, with others to be
discovered and named; Deborah L. McNabb, severally,
individually and in her official capacity, with others to be
discovered and named; Bobbye Moore-Biles, severally,
individually and in her official capacity, with others to be
discovered and named, Defendants-Appellees (No. 95-1705),
Michael R. Smolenski, severally, individually and in his
official capacity, with others to be discovered
and named, Defendant-Appellee (No.
95-1705), Cross-Appellant (No. 95-1731),
Lynn Van Huevelen, severally, individually and in her
official capacity, with others to be discovered
and named, Defendant.
 Nos. 95-1705, 95-1731.
 United States Court of Appeals, Sixth Circuit.
 June 13, 1996.
 
 Before: MERRITT, Chief Judge; JONES and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Jeffrey T. Kiliszewski, a pro se Michigan litigant, appeals a district court judgment (Case No. 95-1705) dismissing his civil rights complaint filed pursuant to 42 U.S.C. §§ 1983, 1985 and 1986, and supplemental state claims. Defendant Michael Smolenski cross-appeals (Case No. 95-1731) the same district court judgment denying his motion for sanctions filed pursuant to Fed.R.Civ.P. 11. These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and declaratory relief, Kiliszewski sued thirteen individuals who were connected with his divorce, support, custody, and visitation proceedings in the Circuit Court for the County of Kent, Michigan. Kiliszewski purported to sue on behalf of his two minor children, and he sued the defendants in their individual and official capacities. Kiliszewski claimed that: 1) the defendants deprived him of his constitutionally guaranteed rights, liberties, and privileges; 2) the defendants intentionally inflicted emotional distress on him; 3) the defendants caused him to lose the society of his children; and 4) the defendants committed fraud and misrepresentation. Kiliszewski also referred to the deprivation of his rights provided under the federal Child Abuse Prevention and Treatment Act, 42 U.S.C. § 5101 et seq.
 
 
 3
 All the parties filed motions to dismiss for failure to state a claim or for summary judgment. Defendants Beth Kiliszewski, Kim Pfeiffer, and Michael Smolenski moved for sanctions and attorney fees under Fed.R.Civ.P. 11. The district court granted the defendants' motions to dismiss or for summary judgment, denied Kiliszewski's motion for summary judgment, and denied the defendants' motion for sanctions. Kiliszewski appeals that judgment. Defendant Smolenski cross-appeals the same judgment denying his motion for sanctions.
 
 
 4
 In his timely appeal, Kiliszewski argues that: 1) he was not afforded "pro se protections"; 2) the district court should have notified him of the defects in his complaint before dismissing it; 3) the complaint stated a serious violation of 42 U.S.C. § 1983; 4) the complaint raised sufficient issues of fact; 5) the district court should have appointed counsel to represent him; and 6) the "future damage to others" doctrine provides the court with compelling reason to proceed. In his timely cross-appeal, defendant Michael Smolenski argues that the district court erred in denying his motion for sanctions.
 
 
 5
 The district court dismissed Kiliszewski's claims as to some defendants pursuant to Fed.R.Civ.P. 12(b)(6) concluding that Kiliszewski did not state a claim upon which relief can be granted. The district court granted summary judgment as to other defendants. Because the district court considered matters outside the pleadings in rendering its judgment, its judgment is reviewed as having granted summary judgment to all the defendants. See Fugarino v. Hartford Life and Accident Ins. Co., 969 F.2d 178, 182 (6th Cir.1992), cert. denied, 113 S.Ct. 1401 (1993); Monks v. Marlinga, 923 F.2d 423, 425 (6th Cir.1991) (per curiam).
 
 
 6
 Upon review, we conclude that the district court properly granted summary judgment to all defendants because there is no genuine issue of material fact and the moving parties were entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993).
 
 
 7
 The district court also did not abuse its discretion in denying Smolenski's motion for Rule 11 sanctions. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990).
 
 
 8
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the district court's opinion dated May 25, 1995.