107 F.3d 11
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard Earl MACK, Plaintiff-Appellant,
v.
STATE OF TENNESSEE; Memphis Mental Health; Donald Wilson;
D.T. Sudbury; Calvin Cleaves; Paul Thomas; Charles
Radford; Evelyn Robinson; Walter Diggs; Herbert Blumin,
Dr.; Frances English; Margaret Bourland; Eric B. Taylor;
Mary Brigance; Marilyn Kastner; Robert C. Vowels, Jr.,
Defendants-Appellees.
 No. 95-6412.
 United States Court of Appeals, Sixth Circuit.
 Feb. 4, 1997.
 
 Before: BOGGS, BATCHELDER, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Richard Earl Mack, a pro se Tennessee resident, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 2000e (Title VII). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Mack sued the state of Tennessee, a state agency, and multiple state officials contending that he was discharged from his employment because of his race, was treated differently from white employees, and was subjected to retaliation. The defendants moved for summary judgment which the district court subsequently granted.
 
 
 3
 In his timely appeal, Mack essentially argues that under Fed.R.Civ.P. 12(b)(6), his allegations must be accepted as true and, therefore, he has shown that he was subjected to racial discrimination.
 
 
 4
 Because evidence outside the pleadings was not excluded from the district court's consideration, the defendants' motion to dismiss must be construed as a motion for summary judgment. See Monks v. Marlinga, 923 F.2d 423, 425 (6th Cir.1991) (per curiam). This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 5
 Our de novo review shows that Mack was not subjected to racial discrimination. Mack has the ultimate burden of persuading the court that he has been a victim of intentional discrimination. Shah v. General Elec. Co., 816 F.2d 264, 267 (6th Cir.1987). In the absence of direct evidence, proof of discriminatory motive can be inferred from the mere fact of differences in treatment. Id. The plaintiff in a Title VII action bears the initial burden of establishing a prima facie case by showing that: 1) he is a member of a protected class; 2) he was subject to an adverse employment action or was discharged; 3) he was qualified for the position; and 4) he was replaced by a person outside of the protected class. Id. Under a disparate treatment theory, the fourth element of the prima facie case is satisfied by showing that a similarly-situated non-minority employee received better treatment for the same or similar conduct. Mitchell v. Toledo Hosp., 964 F.2d 577, 582-83 (6th Cir.1992).
 
 
 6
 The establishment of a prima facie case creates a presumption of unlawful discrimination. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506 (1993). The employer may rebut this presumption by articulating some legitimate, non-discriminatory reason for the employee's discharge. The burden then shifts back to the employee to demonstrate that the employer's stated reason for discharge was a mere pretext for intentional racial discrimination. Id. at 507-12. The court's central inquiry is whether the circumstantial evidence presented is sufficient to create an inference of discrimination. Shah, 816 F.2d at 268.
 
 
 7
 The undisputed evidence shows that Mack did not establish a prima facie case. No other employee, who was similarly situated, was treated differently than Mack. As Mack has failed to establish a prima facie case, the district court properly granted summary judgment for the defendants.
 
 
 8
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.