Filed 02/09/22

VERMONT SUPERIOR COURT
Lamoille Unit
154 Main Street
Hyde Park VT 05655
802-888-3887
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 1-1-21 Lecv

| Wolcott vs. Hering |
| --- |

# ENTRY REGARDING MOTION

Title:        Motion for Sanctions (Motion: 3)
Filer:        Claudine C. Safar
Filed Date:   September 03, 2021

The motion is DENIED.

Plaintiff Wolcott owns 80 acres of land and Defendant Hering owns adjoining property. They share a portion of a common right of way. Wolcott claims that Hering has intruded on his property and privacy and taken photos of private activities on his land with a recording device. In this lawsuit he asserts claims of physical and constructive invasion of privacy, trespassing, and surveillance and seeks injunctive relief and money damages. Defendant Hering claims that his camera is for protection of his driveway entrance for security purposes and has counterclaimed for abuse of process.

Defendant's counsel sought to depose Wolcott. When Wolcott did not appear for the deposition, Defendant filed this Motion for Sanctions pursuant to V.R.C.P. 37 (d) for costs incurred allegedly from Wolcott's willful failure to attend his deposition. Defendant also seeks an adverse inference on Wolcott's factual claims that Hering intruded or invaded upon his seclusion. The court scheduled an evidentiary hearing, and the factual findings are set forth below.

At the conclusion of the hearing, the court identified two legal issues about which it sought follow-up legal memos from the parties: (1) whether a process server has the authority to enter property that is posted against trespass in seeking to serve a subpoena for a deposition, and (2) whether a private investigator has legal authority to serve a subpoena for a deposition. The court also noted that the money sanction Defendant sought, $4,488.92, was presented as a conclusory sum without components, and that additional affidavit evidence about specific charges was needed to support the basis for the sum.

Following the hearing, both parties filed documents with the court that included numerous additional facts, and Wolcott attached exhibits. The court has disregarded all additional facts and factual representations and all exhibits filed after the hearing, except for the bills submitted in support of Hering's claim for costs, which had increased to $8,676.23. The

facts set forth below are based only on evidence admitted at the hearing or motion papers filed prior to the hearing. The legal memos submitted by the parties were partially helpful, and the court has done its own research in order to reach legal conclusions appropriate to the issues raised by the motion.

## Facts

The case was filed by Wolcott in January of 2021. He is *pro se* and filed a Notice of Appearance at the time of filing in which he gave his address, telephone number, and email address. He alleged that Hering had invaded his property and trespassed by taking various photos of activities on his property which he used in a complaint he filed with the Vermont Agency of Natural Resources Environmental Compliance Division alleging that Wolcott was in violation of regulations. After filing suit, Wolcott erected various signs on his property signifying that Hering was prohibited from trespassing.

Hering's attorney wanted to depose Wolcott, and had the sheriff go to Wolcott's residence a couple of times to serve a subpoena, but the sheriff did not effect service and left cards without serving any documents or making contact with Wolcott.

Thereafter, on August 13, 2021, Jennifer Martin entered Wolcott's property with a colleague. They approached Wolcott's residence, having been hired by Hering's attorney. Martin knocked on the door, and Wolcott answered. He asked her who she was and she introduced herself and her colleague as Private Investigators. She and Wolcott made small talk and he kept the door closed. He suspected that she was there on behalf of Hering. She was about 8 feet away from the door. At some point she said she was there for a subpoena, although exactly what she said is uncertain. She had an envelope in her hand, which he told her to put on a chair, which she did. Wolcott's testimony that she did not identify herself as a Process Server but rather as a Private Investigator was unrefuted.

The deposition was scheduled for September 3, 2021. Wolcott did not attend. Hering and his attorney and the court reporter waited an hour or two, and tried contacting Wolcott and the court in case he had gone there. When Hering returned home, he saw Wolcott adding something to a sign he had erected that said, "Mr. Hering stop surveillance of your community."

The same day, September 3rd, Hering's attorney filed this Motion for Sanctions and Adverse Inference and also a separate motion asking the court to order Wolcott to remove signs Wolcott had erected along the shared right of way.

On September 22nd, Wolcott filed a response to the motion in which he stated that he was "quite amenable to such a Deposition provided it is properly served and provides a time & place appropriate to both parties. . ." He stated his position that Hering's investigators were trespassing as notices against trespassing by Hering were posted and a Notice against Trespass dated August 2, 2021 had been sent to Hering.

At the hearing, Wolcott again stated at the outset of his testimony that he was not opposed to a deposition, and by the end of the hearing, tentative arrangements had been made for

scheduling the deposition.[1] His position was that notice of the deposition was not properly done, and that the persons who came to his property and identified themselves as Private Investigators were agents of Hering who were trespassing. He testified that he did not "receive" the subpoena documents as they were not a concern to him because they were delivered by trespassers. By this he apparently meant he had not read them.

Hering's attorney argued that Wolcott acknowledged that he had been presented with the envelope and that he signified acceptance of it by directing that it be put on the chair, and that having accepted it, he willfully defied a lawful subpoena and caused Hering to incur expense. She also argued for the court to exercise its discretion to invoke the sanction described in V.R.C.P. 37 (b)(2)(A) of establishing the facts of the case in Defendant Hering's favor.

## Analysis

Based on the arguments the parties were making at the hearing, the court identified the two legal issues referenced above about which it sought follow-up memos: whether a private investigator is authorized to serve a subpoena, and if so, whether a private investigator serving a subpoena has the authority to enter property posted against trespassing.

As it turns out, the legal issues are properly governed by V.R.C.P. Rules 30 and 45. V.R.C.P. Rule 30 governs depositions. A subpoena is not necessary if the person to be deposed is a party. According to Wright and Miller in discussing the comparable federal rule, all that is necessary is notice of the deposition.

"While a deponent's attendance may be compelled by subpoena, if necessary, under Fed. R. Civ. P. 45, "a subpoena is not necessary if the person to be examined is a party or an officer, director, or managing agent of a party. Rule 37 (d) provides sanctions for the failure of a party. . .to appear for the taking of his or her deposition after notice has been served upon the witness and the courts have reasoned that notice alone, without subpoena, is sufficient." 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure Civil § 2107 (3d ed. Aug 2019)*." *Jacobs v. Floorco Enterprises, LLC*, 2020 WL 1290607, at *14 (W.D. Ky. Mar. 18, 2020). Also, see *Monks v. Marlinga*, 923 F.2d 423, 426-27 (6th Cri. 1991). This makes sense, particularly as to plaintiffs, because the plaintiff, having brought the suit, must reasonably expect to be deposed. Thus it was not necessary for a subpoena to be served on Wolcott. A notice of deposition mailed to him would have been sufficient. There is no evidence that he had indicated that he would not respond to a simple notice of deposition.

Although service of a subpoena was not necessary, it was nonetheless an available option. Once that option was chosen, it was incumbent upon Defendant to do it according to the Rules of Procedure. V.R.C.P. Rule 45 (b) provides that a "subpoena may be served by any person who is not a party and is at least 18 years of age." Thus, a private investigator may serve a subpoena, but subject to the principle of neutrality, i.e., that the person (whether private investigator or not) is not affiliated with a party. The court interprets "not a party" to mean that

---

[1] It is the court's understanding that the parties have now arranged for his deposition to take place on February 22, 2022.

service must be done by a person completely neutral to the case. In other words, the server may not be the deposing party or his or her attorney or agent. This gives the non-sheriff/constable person, i.e. "any person not a party," the same neutrality as a sheriff or constable and assures the receiver of the neutrality of the server. The identity of a person as a private investigator is irrelevant. The issue is whether or not the person is affiliated with a party.

In this case, when Wolcott asked Ms. Martin who she was, she identified herself as a Private Investigator, and she introduced her colleague as a Private Investigator as well. There is no evidence that she identified herself as being there solely as a person to serve a subpoena. Although at some point she said she was there for a subpoena, she had identified herself primarily as a Private Investigator. Hering had previously done investigation into activities on Wolcott's land, and the two persons who approached Wolcott at his residence that day identified themselves as private investigators and not as subpoena servers. They were in a position to make observations about activities on Wolcott's property and convey that information to Hering's attorney. Wolcott was not presented with any information that the two people who approached his home with an envelope containing a subpoena had the neutrality required of a person serving a subpoena. His inference that they were agents of Hering was not unreasonable under the circumstances. The evidence at the hearing did not establish that Ms. Martin and her colleague were hired for no other purpose than to serve the subpoena, and their self-identification as Private Investigators reasonably suggested that their role was as investigators rather than as neutral subpoena servers.

Defendant argues that Wolcott consented to accept service of the subpoena by telling Ms. Martin to put the envelope on the chair, and cites *Harris v. Carbonneau,* 165 Vt 433, 437. That case involved tort liability for trespass and the court ruled in that context that consent can be manifested by action. The issue, however, is what is being consented *to.* In *Harris,* the court ruled that the evidence supported implied consent to enter the house in the context of a lawsuit claiming trespass. In this situation, the issue is whether Wolcott manifested consent to be given notice of a deposition that was not given in compliance with the Rules of Procedure. While he did not tell Ms. Martin and her colleague that they were trespassers and to leave, he also did not give consent to service of a subpoena in a manner that was not compliant with the Rule. It is one thing to consent to a person visibly entering one's house through the door, as in *Harris.* It is another to not know that an attempt at service might be taking place without compliance with all legal requirements. Consent requires knowledge of what one is consenting to, and the evidence does not establish that Wolcott knew he was consenting to service of a subpoena in a manner that was either improper or questionable according to the neutrality requirement of Rule 45 (b).

Proper service of the notice of deposition in this case only required mailing the notice to Plaintiff Wolcott. It was unnecessary for Defendant to incur the extra expense of engaging a person to serve a subpoena. Although Defendant could choose to do so, the rule imposes the requirement that such service be done by a neutral person. Defendant has not proved that the notice was proper, as the evidence does not support a finding by a preponderance of the evidence that the subpoena was delivered by a neutral person. Consent to improper service of the subpoena has also not been proved. The expenses Defendant incurred were the result of an

unnecessary choice to serve a subpoena in the first place, followed by pursuit of a motion claiming noncompliance with an alleged proper subpoena, but the service of the subpoena was not proved to have taken place in the proper manner required by the applicable Rule.

Defendant is correct that sanctions can be imposed pursuant to Rule 37 (d) for willful failure to attend a properly noticed deposition. However, the deposition must be properly noticed. For the reasons stated above, a properly noticed deposition has not been shown. Thus, the request for sanctions in the form of costs is denied. [2]

In addition, the request for an adverse inference as to the facts of the case is not supported. Even if it were to be concluded that Wolcott had actual notice of the deposition and willfully did not go (which the court does not find has been proved), the court would not, under these circumstances, choose that sanction. Wolcott has shown his willingness to be deposed with proper notice. It is preferable for claims to be decided on the merits, and a deposition providing for development of facts for purposes of doing so will be taking place.

For the foregoing reasons, the Motion for Sanctions is denied.

Electronically signed pursuant to V.R.E.F. 9(d) on February 8, 2022 at 5:58 PM.

Mary Miles Teachout
Superior Court Judge

---

[2] Even if the expense was incurred, the affidavit and attorney bills submitted in support are redacted so that they show only hours spent and amounts billed and do not identify the work performed, so the court would not be able to determine the reasonableness of the work done or the reasonableness of the related expense.