594 F.2d 705
 William B. CALDWELL, Appellant,
v.
Eugene CAMP, Chief of Police, St. Louis Metropolitan Police
Department, Donald H. Whaley, Clarence T. Hunter, Suzanne
Hart, John A. Schicker, Jr., James A. Roach, Jr., the
Honorable James Conway, comprising the Board of Police
Commissioners of the City of St. Louis, George Peach,
Circuit Attorney of the City of St. Louis, and John D.
Ashcroft, Attorney General of the State of Missouri, and the
City of St. Louis, Appellees.
 No. 78-1655.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 14, 1979.
Decided March 20, 1979.
 
 Murry A. Marks, Clayton, Mo., argued and on brief, for appellant.
 Thomas J. Ray, Asst. City Counselor, St. Louis, Mo., argued, for appellees and on brief, for appellees Camp, Whaley, Hunter, Hart, Schicker, Roach, Conway and City of St. Louis.
 John Ashcroft, Atty. Gen., and Michael H. Finkelstein, Asst. Atty. Gen., Jefferson City, Mo., on brief, for appellee Ashcroft.
 Jack L. Koehr, City Counselor, St. Louis, Mo., on brief, for appellees Camp, Whaley, Hunter, Hart, Shicker, Roach, Conway and City of St. Louis.
 Joseph L. Bauer, Jr., Asst. Circuit Atty., St. Louis, Mo., argued, for appellees and on brief, for appellee George Peach.
 Before HEANEY and McMILLIAN, Circuit Judges, and BENSON,* Chief Judge.
 HEANEY, Circuit Judge.
 
 
 1
 William B. Caldwell brought this action under 42 U.S.C. § 1983 against various officials of the City of St. Louis and of the State of Missouri, seeking to enjoin the enforcement of Mo.Rev.Stat. § 195.145 (1969) and to recover damages for the alleged violation of his civil rights.[1] Caldwell contended that this statute, which allows a civil action to be brought for the forfeiture of any motor vehicle which has been used for the transportation of controlled substances, violates his Fourth, Fifth and Fourteenth Amendment rights. The District Court dismissed Caldwell's complaint, and he appeals. We affirm in part and reverse in part.
 
 
 2
 Caldwell's automobile was seized by officers of the St. Louis Police Department on April 12, 1978, when the driver and other passengers, including Caldwell, were arrested for the illegal possession of a controlled substance and of a firearm. A civil action for the forfeiture of the automobile was subsequently brought in state court by the St. Louis Circuit Attorney under Mo.Rev.Stat. § 195.145 (1969). The driver of the vehicle at the time of its seizure was named as the defendant in that action. On May 5, 1978, Caldwell filed this action in federal court. Caldwell filed a motion to intervene in the state proceedings on May 8, 1978. That motion was granted approximately one month later.
 
 
 3
 On July 25, 1978, the District Court dismissed Caldwell's federal suit on various grounds. The court held that since there was an ongoing state court proceeding, federal abstention would be appropriate under Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The court thus dismissed Caldwell's claims for equitable relief.[2] A motion to dismiss, which was made by the Attorney General, was also granted on the ground that Caldwell failed to allege any illegal acts on his part.[3] The court granted motions for summary judgment, which were filed by the Chief of Police and by the members of the Board of Police Commissioners, on the ground that Caldwell failed to allege that these defendants committed any violation of his rights, or directed or acquiesced in the commitment of any such violation. The court also granted the motion for summary judgment made by the City of St. Louis on the ground that a municipality is not a "person" subject to a suit for damages under § 1983. The court specified in its order that the dismissal of the Chief of Police, the members of the Board of Police Commissioners and the City of St. Louis was with prejudice.
 
 
 4
 In Younger v. Harris, supra, the Supreme Court held that principles of equity, comity and federalism dictate that federal courts should generally refrain from enjoining ongoing state criminal proceedings, absent extraordinary circumstances where the danger of irreparable loss to the federal plaintiff is " 'both great and immediate.' " Id. at 46, 91 S.Ct. 746. A state's interest in the administration of its criminal laws may also make federal abstention appropriate where the state court proceedings are civil in nature but where they are in aid of and closely related to criminal statutes. Huffman v. Pursue, Ltd., 420 U.S. 592, 604, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975). See also Juidice v. Vail, 430 U.S. 327, 335-336, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977). In either case, federal-court interference with ongoing state court proceedings might not only constitute undue interference with legitimate state activities, but may also be interpreted " 'as reflecting negatively upon the state courts' ability to enforce constitutional principles.' " Huffman v. Pursue, Ltd., supra, 420 U.S. at 604, 95 S.Ct. at 1208. Accord, Juidice v. Vail, supra, 430 U.S. at 336, 97 S.Ct. 1211.
 
 
 5
 We agree with the District Court that federal abstention under the Younger doctrine is appropriate in this case. The state forfeiture proceeding, which was initiated pursuant to the challenged statute and which was pending when Caldwell's federal suit was filed, is clearly in aid of and closely related to the enforcement of Missouri's criminal laws. The state's interest in such forfeiture proceedings is likely to be as great as its interest in any proceeding under its criminal laws. See Huffman v. Pursue, Ltd., supra, 420 U.S. at 604, 95 S.Ct. 1200. Caldwell's counsel conceded at oral argument that Caldwell's federal constitutional claims can be presented in the state court proceeding. See Juidice v. Vail, supra, 430 U.S. at 337, 97 S.Ct. 1211; Huffman v. Pursue, Ltd., supra, 420 U.S. at 594, 95 S.Ct. 1200. Since Caldwell has shown no exceptional circumstances which would prevent the presumptive application of the Younger doctrine, See Juidice v. Vail, supra, 430 U.S. at 337-338, 97 S.Ct. 1211, his equitable claims were properly dismissed.[4]
 
 
 6
 The principles of comity embodied in Younger also require the dismissal of Caldwell's damage claims. Caldwell's damage claims and his equitable claims are inextricably intertwined; both depend upon the constitutionality of the state forfeiture statute. If, in the course of adjudicating Caldwell's damage claims, a federal court were to rule that the statute is unconstitutional, substantial disruption of the state proceedings would result. See Martin v. Merola, 532 F.2d 191, 195 (2d Cir. 1976); Guerro v. Mulhearn, 498 F.2d 1249, 1253 (1st Cir. 1974). Compare Sartin v. Commissioner of Pub. Saf. of St. of Minn., 535 F.2d 430, 434 & n.8 (8th Cir. 1976) (action for damages in federal court could proceed where state judicial proceedings were closed). Under the narrow circumstances present here, we believe that Caldwell's damage claims should also be dismissed.[5]
 
 
 7
 Although we agree that Younger requires the dismissal of Caldwell's complaint, we reverse the order of the District Court insofar as it appears to dismiss Caldwell's complaint with prejudice. A dismissal with prejudice ordinarily operates as an adjudication on the merits; thus, Caldwell contends the District Court's dismissal in this case may effectively bar the relitigation of his claims. See Huffman v. Pursue, Ltd., supra, 420 U.S. at 606 n.18, 95 S.Ct. 1200. Since such a result is incompatible with the purposes of the Younger abstention doctrine, See Sartin v. Commissioner of Pub. Saf. of St. of Minn., supra at 433 n.5, the District Court's order is modified to provide that Caldwell's complaint is dismissed without prejudice.
 
 
 8
 Since we hold that Younger requires the dismissal of Caldwell's complaint, we need not reach the alternate grounds for dismissal which were cited by the District Court. Indeed, since dismissal of Caldwell's suit on abstention grounds terminated federal jurisdiction, the District Court's consideration of the alternate grounds for dismissal was of no effect since no case or controversy was then pending before the court. See First American Bank & Trust Company v. Ellwein, 474 F.2d 933 (8th Cir. 1973); Martin v. Merola, supra at 194.
 
 
 9
 In summary, we affirm the order of the District Court insofar as it dismisses Caldwell's action on the ground that federal restraint is required by the Younger abstention doctrine. That dismissal is modified, however, to be without prejudice. The remainder of the District Court's order, which cites alternative grounds for the dismissal of Caldwell's claims, is hereby vacated.
 
 
 10
 Affirmed in part, reversed in part, and vacated in part.
 
 
 
 *
 PAUL BENSON, Chief Judge, United States District Court for the District of North Dakota, sitting by designation
 
 
 [1]
 Caldwell named the City of St. Louis, the Chief of the St. Louis Metropolitan Police Department, members of the Board of Police Commissioners of the City of St. Louis, the Circuit Attorney of the City of St. Louis and the Attorney General of the State of Missouri as defendants in his complaint. He prayed for $5,000 in actual damages and $250,000 in punitive damages against the City of St. Louis
 
 
 [2]
 The District Court did not specify whether the dismissal of Caldwell's equitable claims was with or without prejudice. In the absence of specification by the court, an involuntary dismissal on grounds other than lack of jurisdiction, improper venue or failure to join a party under Fed.R.Civ.P. 19 will operate as an adjudication on the merits, See Fed.R.Civ.P. 41(b), and, therefore, is a dismissal with prejudice
 
 
 [3]
 The District Court also failed to specify whether the dismissal of Caldwell's claims against the Attorney General was with or without prejudice. Since the court stated that the dismissal was granted for "failure to state a claim upon which relief can be granted," we must assume that this dismissal was with prejudice. See note 2, Supra
 
 
 [4]
 Caldwell does contend that Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), is inapplicable because he was not named as a defendant in the state court proceeding. See Steffel v. Thompson, 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974). This contention is without merit. The object of the federal suit was to interfere with the state court proceeding, which was pending when the federal suit was filed. Since the disposition of Caldwell's property is the subject of the state proceeding, he obviously has a substantial stake in its outcome. See Hicks v. Miranda, 422 U.S. 332, 348-349, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975). Through his intervention in the state proceedings, Caldwell can seek the return of his property and present his federal claims. See id
 
 
 [5]
 We intimate no view on whether Younger would require abstention where the original action brought under 42 U.S.C. § 1983 sought only damages in the federal district court. See Juidice v. Vail, 430 U.S. 327, 339 n.16, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977)