**Robert W. CLARK, Plaintiff–Appellee,**

v.

**Joseph G. BROWN,
Defendant–Appellant.**

No. 88–1548.

United States Court of Appeals,
Fourth Circuit.

Argued June 23, 1988.

Decided Nov. 4, 1988.

Norma Smithwick Harrell, Asst. Atty. Gen. (Lacy H. Thornburg, Atty. Gen., Raleigh, N.C., on brief), for defendant-appellant.

Edward G. Connette (Gillespie, Lesesne & Connette, Charlotte, N.C., on brief), for plaintiff-appellee.

Before PHILLIPS and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.

BUTZNER, Senior Circuit Judge:

The dispositive issue in this appeal is whether Joseph Brown, a county district attorney, is entitled to qualified immunity shielding him from suit for damages for discharging Robert Clark, an assistant district attorney, for political reasons. Because the complaint alleged that Brown engaged in a course of malicious conduct, the district court denied Brown's motion to dismiss. Concluding that Brown is entitled to qualified immunity, we reverse the order of the district court and remand the case with instructions to dismiss Clark's federal claim with prejudice and his pendant state law claims without prejudice.*

Brown is a former district attorney for Gaston County, North Carolina. Clark worked for Brown as an assistant district attorney until May 1986, when Brown fired him. Clark's employment was at will. Clark alleges Brown fired him because he failed to campaign for Brown in his bid for re-election to county district attorney and because his mother openly supported Brown's opponent in the primary election. Clark contends that his discharge violated his rights secured by 42 U.S.C. § 1983 and the first and fourteenth amendments of the Constitution. As Brown is no longer district attorney, Clark seeks monetary damages only. Clark also alleged state law claims for libel and slander, intentional interference with contractual relations, and interference with prospective economic advantage. These state law claims are based on Brown's conduct after Clark's discharge.

■ Clark framed the issue of his federal cause of action by the following allegations:

Defendant's actions were conducted outside the scope of his prosecutorial function. Defendant acted maliciously and in bad faith with the intent to punish and harm plaintiff for the political views of plaintiff's mother and for plaintiff's failure to publicly support defendant in the campaign.

It is within the framework of these allegations that we must decide Brown's plea of qualified immunity.

Qualified immunity entails the right to be immune from litigation where the specific action taken by a public official is not clearly unlawful under existing precedent. *Anderson v. Creighton,* — U.S. —, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). In *Harlow v. Fitzgerald,* 457 U.S. 800, 817–18, 102 S.Ct. 2727, 2737–38, 73 L.Ed.2d 396 (1982), the Court stated:

[B]are allegations of malice should not suffice to subject government officials either to the cost of trial or to the burdens of broad-reaching discovery. We therefore hold that government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

\*    \*    \*    \*    \*    \*

On summary judgment, the judge appropriately may determine, not only the currently applicable law, but whether that law was clearly established at the time an action occurred. If the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to "know" that the law forbade conduct not previously identified as unlawful.

The law regarding a district attorney's prerogative to fire an assistant district attorney for political reasons was not clearly established at the time of Clark's discharge. Indeed it is not clearly established under current law. Generally speaking, a public employee cannot be discharged for political affiliation unless "the hiring authority can demonstrate that party affiliation is an appropriate requirement for the effective performance of the public office involved." *Branti v. Finkel,* 445 U.S. 507, 518, 100 S.Ct. 1287, 1294, 63 L.Ed.2d 574

---

\* Title 28 U.S.C. § 1291 confers jurisdiction to review an order denying qualified immunity in an action for damages. *Mitchell v. Forsyth,* 472

U.S. 511, 524–30, 105 S.Ct. 2806, 2814–18, 86 L.Ed.2d 411 (1985).

(1980). In *Branti* the Court held that a public defender could not discharge his assistants because their political affiliation differed from his. But the Court expressly refrained from expressing an opinion about the application of these principles to the dismissal of an assistant prosecutor on the grounds of "political party affiliation or loyalty." *Branti*, 445 U.S. at 519 n. 13, 100 S.Ct. at 1295 n. 13. The Court then noted *Newcomb v. Brennan*, 558 F.2d 825 (7th Cir.1977), in which the court of appeals held that the dismissal of a deputy city attorney, who planned to run for Congress despite the city attorney's disapproval, did not violate the deputy's rights under the first amendment.

Although neither the Supreme Court nor this court has decided what political circumstances will justify dismissal of an assistant prosecutor, the Third Circuit has held that an assistant prosecutor may be dismissed because of his political affiliation. *Mummau v. Ranck*, 687 F.2d 9 (3d Cir. 1982). Dicta in *Livas v. Petka*, 711 F.2d 798, 800–01 (7th Cir.1983), suggests that an assistant prosecutor may be dismissed for failure to support the prosecutor's candidacy for re-election. Also, there is some authority for the proposition that dismissal of an employee because of a relative's political activities does not violate the employee's first amendment rights. *Shondel v. McDermott*, 775 F.2d 859 (7th Cir.1985).

For the purpose of deciding the question of qualified immunity, we need not consider how persuasive these precedents are. It is sufficient to note that *Branti, Newcomb, Mummau, Livas,* and *Shondel* lend support to Brown's position. At the very least, they establish that dismissal of an assistant prosecutor for political reasons was not clearly prohibited when Brown fired Clark.

Finally we consider whether the allegations of Brown's tortious conduct after he dismissed Clark justify the district court's denial of qualified immunity. The charges and counter charges that Clark and Brown exchanged after Clark's dismissal are irrelevant to the issue of qualified immunity. They are the subject of the pendant state libel and related claims. They are not a bar to qualified immunity.

Brown is entitled to qualified immunity. We reverse the district court's order denying immunity and remand the case for dismissal of all federal claims with prejudice and dismissal of the state pendant claims without prejudice. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).