887 F.2d 1080
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lloyd Steven LANE, Plaintiff-Appellant,
v.
J.H. GRIFFIN; Muhammad Nubee, Chaplain; Rae McNamara,
Director of Prisons; James Woodard, Sec. of
Corrections, Defendants-Appellees.
 No. 88-7265.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 31, 1989.
Decided: Oct. 6, 1989.
 
 Lloyd Steven Lane, appellant pro se.
 Sylvia Hargett Thibaut, LaVee Hamer Jackson (Office of the Attorney General of North Carolina), for appellees.
 Before DONALD RUSSELL, WIDENER and K.K. HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Lloyd S. Lane, a North Carolina inmate, appeals from an order of the district court which, on remand from this Court's decision in Lane v. Griffin, 834 F.2d 403 (4th Cir.1987), granted summary judgment for defendant James Griffin in Lane's civil rights suit brought under 42 U.S.C. Sec. 1983. We affirm.
 
 
 2
 Lane alleged that his right to practice his religion was violated in July 1984 when Griffin, warden of the McCain Correctional Unit, denied his request to begin Islamic Friday Jumah services, which would necessarily have been led by an inmate imam. Griffin instead asked the Islamic Services Coordinator, Muhammed Nubee, to organize Jumah services and provide outside supervision. The services began about five months after Lane's initial request.
 
 
 3
 A jury found for Lane and awarded damages. We reversed and remanded the case for a new trial but directed the district court to consider first whether Griffin was entitled to summary judgment on the ground of qualified immunity. On remand, the district court found that Griffin was entitled to qualified immunity and granted him summary judgment.
 
 
 4
 Qualified immunity is the right to be immune from litigation where the specific action taken by a public official does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Clark v. Brown, 861 F.2d 66 (4th Cir.1988) (conduct not clearly unlawful under existing precedent). The question framed by this Court for the district court's consideration was whether the law governing the scope of Lane's right to participate in Jumah services, at the time of his request, was sufficiently clear that Griffin could have known whether his conduct violated Lane's constitutional rights. The conduct which arguably restricted Lane's right by delaying the services was Griffin's decision not to allow Lane to organize the services, but to require that they be organized by Muhammed Nubee. He also required the services to be led, at least in the beginning, by Nubee or an outside Muslim volunteer, which had the effect of delaying the start of regular Jumah services at McCain.
 
 
 5
 The controlling law at the time of Lane's request was Sweet v. South Carolina Dep't of Corrections, 529 F.2d 854 (4th Cir.1975) (en banc), which held that inmate's religious practices may be limited by prison regulations which are reasonably and substantially justified by considerations of prison discipline and order. Griffin stated in his affidavit and at his deposition that he denied Lane's request because he believed it was bad policy to allow any inmate to organize other inmates and be thus elevated to a leadership position. He also was concerned, because of Lane's prior behavior at another institution, that Lane might use such a position for disruption. In denying Lane the permission to organize Jumah services, Griffin's decision was justified under Sweet.
 
 
 6
 Lane contends that the district court improperly considered the trial record when ruling on the qualified immunity issue. However, the district court's judgment can be upheld without reference to the trial record.
 
 
 7
 For the reasons given above, we affirm the judgment of the district court. Lane's motion to adopt the brief filed in his previous appeal of this case is granted, and we have considered all the materials he filed in this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.