45 F.3d 426
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Dana R. MARTIN, Plaintiff-Appellant,
v.
Jeffrey REED, former Prosecutor of Wood County, West
Virginia, Defendant-Appellee,
and Stephen F. GREINER, former Sheriff of Wood County, West
Virginia, Defendant.
 No. 93-7325.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 28, 1994.
Decided Dec. 29, 1994.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Parkersburg. Charles H. Haden II, Chief District Judge. (CA-93-609-6).
 Susan P. Moser, Washington, PA, for appellant. Richard A. Hayhurst, Parkersburg, WV, for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before HALL, WILKINS, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Dana M. Martin filed a civil rights action against the sheriff and prosecutor of Wood County, West Virginia, seeking damages for his unlawful detention. Following the district court's order adopting the magistrate judge's recommendation and granting summary judgment for Defendants, Martin appealed. On appeal, he challenges only the portion of the district court's order granting summary judgment for the county prosecutor. We find Martin's appeal lacks merit; consequently, we affirm.
 
 
 2
 From November 26, 1990, until July 15, 1991, Martin was held in jail in Wood County, West Virginia. He had been extradited from Pennsylvania to face charges of car theft and being a fugitive from justice. However, he was never indicted. Under W. Va.Code Ann. Sec. 62-2-12 (1992), a person in jail on criminal charges must be released if he has not been "indicted by the end of the second term of court, at which he is held to answer." Martin was jailed during the October 1990 term of court and remained in jail through the January and April 1991 terms. In June 1991, a West Virginia state court judge ordered Martin to be released from jail by July 5, 1991 (the end of the April term of court), unless the Wood County prosecutor showed cause to continue his confinement. The prosecutor, Jeffrey Reed, took no action; nevertheless, Martin was not released until July 15.
 
 
 3
 Martin filed this action against Reed and Wood County Sheriff Stephen Greiner, claiming that they deprived him of liberty without due process by holding him in jail longer than legally permissible. The magistrate judge issued a report and recommendation advising that the court grant summary judgment for Defendants. The magistrate judge found that Reed, as the county prosecutor, had no duty to seek Martin's release, and also that Reed was protected by qualified immunity. He also noted that Martin did not oppose Defendants' motion to dismiss the claims against Greiner.
 
 
 4
 After de novo review of the portions of the report and recommendation to which Martin objected, the district court adopted the magistrate judge's recommendation and granted summary judgment for Defendants. Martin timely appealed the grant of summary judgment to Reed, but did not appeal the dismissal of the claims against Greiner.
 
 
 5
 A prosecutor is a quasi-judicial officer who enjoys absolute immunity when performing prosecutorial, as opposed to investigative or administrative, functions. Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976). A prosecutor enjoys only qualified immunity when performing administrative or investigative functions. Buckley v. Fitzsimmons, 61 U.S.L.W. 4713, 4718-19 (U.S.1993). Seeing to the release of a detainee is an administrative function for which a prosecutor would be entitled to qualified immunity. See Allen v. Lowder, 875 F.2d 82, 86 (4th Cir.1989) (assisting sheriff in obtaining "safekeeping" order is administrative function); Clark v. Brown, 861 F.2d 66, 67 (4th Cir.1988) (personnel decisions involve administrative function).
 
 
 6
 Qualified immunity protects public officials from liability for monetary damages if they can plead and prove that their conduct did not violate clearly established rights of which a reasonable person should have known. Harlow v. Fitzgerald, 457 U.S. 800, 815-16 (1982). The question ultimately turns on whether the public official could have believed that his challenged conduct (or in this case, his failure to act) was lawful. Gooden v. Howard County, 954 F.2d 960, 964-65 (4th Cir.1992) (in banc); Collinson v. Gott, 895 F.2d 994, 998 (4th Cir.1990).
 
 
 7
 Martin claims that Reed violated his constitutional rights by failing to timely release him from jail. Reed admits that Martin was detained longer than lawfully permitted and that he took no steps to see to Martin's release. However, the duties of a West Virginia prosecuting attorney are listed in W. Va.Code Sec. 7-4-1 (1993), which does not mention attending to the release of jailed persons. Moreover, in light of the Wood County Circuit Court's order to release Martin if the prosecutor failed to show cause to further detain him, Reed could reasonably presume that if he failed to act, Martin would be released. Thus, a rational trier of fact could not find that Reed was responsible for, and failed to carry out, Martin's release.
 
 
 8
 For these reasons, we affirm the district court's order adopting the magistrate judge's recommendation and granting summary judgment for Reed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED.