**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-1193

CHESTER J. CHALUPOWSKI, JR., ET AL.,

Plaintiffs, Appellants,

v.

JANIS M. BERRY,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. George A. O'Toole, Jr., U.S. District Judge]

Before

Boudin, Chief Judge,
Selya and Howard, Circuit Judges.

Chester J. Chalupowski, Jr., on brief pro se.
Thomas F. Reilly, Attorney General, and David Hadas,
Assistant Attorney General, on brief for appellee.

September 27, 2005

**Per Curiam**.  This is an appeal from the denial of a motion under Fed. R. Civ. P. 60(b)(6).  The district court dismissed the pro se appellants' civil rights suit with prejudice on motion of the defendant.  It then summarily denied the appellants' Rule 60(b) motion, which asserted that they had not received notice that the court was considering dismissal of their suit.  We affirm.

On this record, we conclude that the dismissal of the suit without notice did not affect the appellants' substantial rights, and so the denial of Rule 60(b) relief was proper.  See Transaero, Inc. v. La Fuerza Area Boliviana, 24 F.3d 457, 462 (2d Cir. 1994) (stating that a Rule 60(b) motion based on lack of notice may be denied where there is no prejudice to substantial rights).  Even if the appellants had received notice of the motion to dismiss, their official capacity suit for injunctive and declaratory relief would have been properly dismissed based on Younger abstention principles.  Appellants asked the federal court to order the defendant, a state court appellate judge before whom a motion for contempt was then the only pending matter, to recuse herself "from further hearing in this matter."  This the court could not do.  See Juidice v. Vail, 430 U.S. 327, 335 (1977) (applying Younger to a case seeking to enjoin state court judges from pursuing contempt proceedings against the plaintiffs); accord Casa Marie, Inc. v. Superior Court of Puerto Rico, 988 F.2d 252,

263 (1st Cir. 1993); Gersten v. Rundle, 833 F. Supp. 906, 912-13 (S.D. Fla. 1993); Williams v. North, 638 F. Supp. 457, 463 (D. Md. 1986).

A dismissal based on Younger is without prejudice. Maymo-Melendez v. Alvarez-Ramirez, 364 F.3d 27, 32 n.4 (1st Cir.), cert. denied, 125 S. Ct. 110 (2004). Therefore, insofar as appellants brought an official capacity suit seeking injunctive and declaratory relief, we affirm but direct the district court to modify its judgment to be without prejudice. See Caldwell v. Camp, 594 F.2d 705, 708 (8th Cir. 1979) (directing such modification under similar circumstances). Insofar as the individual capacity suit was dismissed with prejudice based on the defendant's absolute immunity from suit, we affirm. See Bagby v. Brondhaven, 98 F.3d 1096, 1100 (8th Cir. 1996) (concluding that defendant was entitled to qualified immunity and remanding to the district court with instructions to dismiss with prejudice); Clark v. Brown, 861 F.2d 66, 67 (4th Cir. 1988) (same); see also Romero-Barcelo v. Hernandez-Agosto, 75 F.3d 23, 26 (1st Cir. 1996) (affirming "in all respects" a with prejudice dismissal based on absolute legislative immunity).

Affirmed and remanded for the limited purpose of making the modification described herein.