**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 27, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DANNY LAMBETH, d/b/a
Truck Wholesale,

      Plaintiff-Counterclaim-
      Defendant-Appellant,

v.

DEBRA L. MILLER, Secretary of the
Kansas Department of Transportation;
ALTER TRADING CORPORATION;
SALLY HOWARD; JOSEPH J.
ERSKINE; CARMEN BAKARICH;
RICHARD M. SMITH; AMY
HARTH; TERRY BULLOCK;
MARVIN NEUKIRCH; BRIAN J.
MOLINE; ROBERT E. KREHBIEL;
MICHAEL C. MOFFET; DAVID R
HEGER; LISA L. JOHNSON;
LARRY WALDROD; ROY DUNN;
SUE FARRELL; DON HAY; DON
STOTTEMIRE; JOHN E. TAYLOR,
Commissioner; JIM WISE; ART
GODFREY; GORGE PRETZ;
RON STILES; LYLE WOBKER;
KATHLEEN SEBELIUS,

      Defendants-Appellees,

   and

GIBSON'S RECYCLING II,

      Counterclaim-
      Defendant-Appellee.

No. 09-3027
(D.C. No. 2:08-CV-02069-CM-JPO)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **GORSUCH**, and **HOLMES**, Circuit Judges.

Plaintiff Danny Lambeth alleges a broad conspiracy by various Kansas officials and two companies employed by the Kansas Department of Transportation (KDOT), Gibson's Recycling and Alter Trade Corporation, to violate his constitutional rights through the improper enforcement of the laws and regulations governing his truck salvage yard business. The district court dismissed Mr. Lambeth's complaint with prejudice primarily on the basis of the *Rooker-Feldman* doctrine. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). We review the district court's order of dismissal *de novo*. *Guttman v. Khalsa*, 446 F.3d 1027, 1031 (10th Cir. 2006). In doing so, we conclude that dismissal was proper, though on somewhat different grounds than the district court offered, and we conclude that the court's dismissal should have been without prejudice. Consequently, we

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

affirm and remand for the limited purpose of dismissing without prejudice.

The procedural history surrounding each of Mr. Lambeth's claims is well known to the parties and amply set forth in the district court's Memorandum and Order, and so we will not repeat it here. For our purposes, it suffices to note that, since 2001, Mr. Lambeth has pursued multiple state lawsuits challenging administrative actions taken against his business by KDOT and Kansas officials.[1] So far, all of Mr. Lambeth's lawsuits have failed, though at the time he filed his current complaint in federal district court in 2008, state court litigation was ongoing in one Franklin County, Kansas abatement proceeding involving Mr. Lambeth and certain of the defendants before us.

In his current federal lawsuit, Mr. Lambeth seeks to challenge and undo the outcome of his earlier state court proceedings. With respect to the governmental defendants named in his federal suit, for example, he expressly asks the federal courts to "issue orders to reverse, dismiss, quash, or otherwise dispose of the defendants['] improper prosecution . . . and order that all the [state] court rulings be stricken from the record of this case." R. Vol. I, Doc. 46 at 42.

---

[1] The Kansas Corporation Commission charged Mr. Lambeth with violating certain motor carrier laws and regulations. The Commission entered various orders against Mr. Lambeth that he does not properly raise or challenge on appeal. Accordingly, we do not need to consider the district court's dismissal of those claims.

As the district court properly noted, however, this we cannot do. The *Rooker-Feldman* doctrine prevents federal courts from assuming jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In other words, "[t]he *Rooker-Feldman* doctrine prohibits federal suits that amount to appeals of state-court judgments," *Bolden v. City of Topeka*, 441 F.3d 1129, 1139 (10th Cir. 2006), and it thus bars claims, like Mr. Lambeth's, that seek to upset or undo prior state-court judgments, *see Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 789 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 928 (2009).

There is one wrinkle to this analysis — the Franklin County abatement proceeding which was still pending at the time Mr. Lambeth filed his federal action. The district court applied *Rooker-Feldman* to bar Mr. Lambeth's complaints against the Franklin County defendants. While we agree that the district court was without jurisdiction to entertain the Franklin County claims, we believe, as the defendants argue before us, that dismissal should be affirmed under the *Younger* abstention doctrine instead. *Younger v. Harris*, 401 U.S. 37 (1971); *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006) (noting that this court may consider "*Younger* abstention for the first time on appeal"). That

-4-

is, because we believe *Younger* applies, we need not decide whether the application of *Rooker-Feldman* was proper.[2]

Abstention is required under *Younger* where

(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (internal quotation marks omitted). "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003).

The Franklin County abatement proceeding was ongoing at the time plaintiff filed this action, satisfying the first *Younger* condition. As for the second condition, it is plaintiff's burden to establish that state procedural law

---

[2]     The district court applied *Rooker-Feldman* despite the fact that the state court proceeding involving the Franklin County defendants was not final at the time the federal action was filed. This court held in *Guttman*, 446 F.3d at 1031, that *Rooker-Feldman* only applies where there is a final judgment. *But see Tal v. Hogan*, 453 F.3d 1244 (10th Cir. 2006) (decided after *Guttman* and holding that the state court judgment need not be final for *Rooker-Feldman* to apply — "The state condemnation proceeding need not be final in order to serve as ground for *Rooker-Feldman* preclusion"). Defendants argue that we should reject *Guttman* as contrary to prior Tenth Circuit precedent and not required by Supreme Court precedent. Because we affirm on the basis of *Younger* abstention, we need not decide this issue.

prevents him from presenting his claims in the state proceeding. *See J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1292 (10th Cir. 1999). Plaintiff has not shown that he was prevented from presenting his claims in state court. Finally, we conclude that the zoning and nuisance abatement issues are traditional state law matters that implicate important state interests, satisfying the third condition. *See Harper v. Pub. Serv. Comm'n of W. Va.*, 396 F.3d 348, 352 (4th Cir. 2005) ("[P]roperty law concerns, such as land use and zoning questions, are frequently 'important' state interests justifying *Younger* abstention."). We thus conclude that all three *Younger* conditions are present in this case. Moreover, our review of the parties' briefs and the record on appeal persuades us that there are no extraordinary circumstances that would render *Younger* abstention inappropriate. We therefore affirm the dismissal of the claims against the government defendants.

With respect to the remaining private company defendants named in Mr. Lambeth's federal lawsuit, Mr. Lambeth alleges that they "contracted and conspired" with KDOT to aid it in carrying out its putatively unlawful actions against his business. Citing *Lance v. Dennis*, 546 U.S. 459, 464 (2006), the district court held that *Rooker-Feldman* could not bar suit against these particular defendants because they were not parties to the completed state court cases. Even so, the district court held preclusion principles "demand the same result" because they "would require the same impermissible consideration of the merits of the

-6-

state court cases, and seek ultimately to upset the final state court judgment."  D. Ct. Mem. & Order at 8 n.5.

While we do not question the district court's preclusion analysis, *Rooker-Feldman* operates as an antecedent jurisdictional bar to Mr. Lambeth's claims against the private companies.  *Lance* held that *Rooker-Feldman* cannot be invoked *against a plaintiff* who was not a party to the underlying state-court action, but it did not purport to limit the invocation of *Rooker-Feldman by a defendant* in a federal proceeding who was not a party in the prior state-court litigation against a plaintiff who was — provided, of course, that the claims raised in federal court are inextricably intertwined with the prior state court proceeding. *See Tal*, 453 F.3d at 1257 (noting a state court loser's "addition of new defendants in federal court . . . does not change the nature of the underlying state court ruling"); 18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice And Procedure* § 4469.1, at 137 & n.59 (2d ed. 2002) ("It has been found that even if nonmutual preclusion were not available, a nonparty [to the prior state court proceedings] can invoke the rule that a party to the state action cannot invoke federal jurisdiction to seek indirect review of a state judgment.").

Neither is there any colorable question that Mr. Lambeth's current complaints against the two private companies are "inextricably intertwined" with those raised in his prior state court proceedings.  Construing Mr. Lambeth's *pro*

*se* complaint with the liberality it is due, the district court interpreted it as alleging that the two private companies' actions were part of a conspiracy with KDOT to carry out that agency's administrative decisions, decisions he previously challenged in his various completed state court suits. In the district court's view, relief could not be granted for Mr. Lambeth on his federal complaint against the private companies without upsetting final state court judgments for KDOT. Before us, Mr. Lambeth doesn't challenge this understanding of his allegations.

Even if the district court properly dismissed his claims, Mr. Lambeth argues that the district court erred in doing so with, rather than without, prejudice. We are constrained by our precedent to agree. Our precedent indicates that the dismissal of the defendants should have been without prejudice because it was based on a lack of subject matter jurisdiction and an assessment by the district court about the futility of a potential amendment intrudes into the case's merits. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, as it did here, the dismissal must be without prejudice."). To the extent we have modified the dismissal of the Franklin County defendants to be based on *Younger* abstention, in this particular case we believe dismissal should likewise be without prejudice. *See Morrow v.*

*Winslow*, 94 F.3d 1386, 1398 (10th Cir. 1996) (remanding to district court for dismissal without prejudice under *Younger*).[3]

The district court's dismissal of this action is affirmed, and this matter is remanded with instructions to modify the dismissal to be without prejudice.

Entered for the Court


Neil M. Gorsuch
Circuit Judge

---

[3]     Lastly Mr. Lambeth argues that the district court erred in staying discovery on the unopposed motion of the Franklin County defendants. The district court did not abuse its discretion by so ruling because Mr. Lambeth failed to argue how additional information would have aided his claims. *See Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 674 (10th Cir. 2002).