**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 3, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOSEPH GOINGS,

      Plaintiff-Appellant,

v.

SUMNER COUNTY DISTRICT
ATTORNEY'S OFFICE; KERWIN
SPENCER,

      Defendants-Appellees.

No. 13-3309
(D.C. No. 6:13-CV-01107-RDR-KMH)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **GORSUCH**, **MURPHY**, and **HOLMES**, Circuit Judges.

Joseph Goings, proceeding pro se and *in forma pauperis* ("IFP"), appeals

from the district court's dismissal of his civil-rights complaint. Our appellate

jurisdiction is conferred by 28 U.S.C. § 1291, and we **affirm** the district court's

dismissal of Mr. Goings's complaint on the ground of abstention under *Younger v.*

---

[*] After examining the briefs and appellate record, this panel has decided unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

*Harris*, 401 U.S. 37 (1971) ("*Younger* abstention"). However, because we also conclude that the district court improperly addressed the merits of Mr. Goings's claims, we **remand** the case for the court to amend the judgment to expressly reflect a dismissal *without* prejudice.

**I**

In January 2013, a criminal complaint charging Mr. Goings with one count of harassment by telecommunications device, in violation of Kan. Stat. Ann. § 21-6206(c), and one count of intimidation of a witness, in violation of Kan. Stat. Ann. § 21-5909(a), was filed in the District Court of Sumner County, Kansas. Mr. Goings received a summons notifying him of these charges on or about February 1, 2013. He subsequently filed a "Motion and Order for Discovery and Production of Records," which purported to combine a request for the production of materials from the Sumner County Attorney *with* a court order granting that request. Mr. Goings claims to have personally delivered this document to the county attorney's office on February 6, 2013.

In a manner unclear from the record, the county district judge inadvertently signed the "Motion and Order" and caused the document to be filed with the county district court clerk's office. On March 5, 2013, the county district court *sua sponte* issued an order setting aside the "Motion and Order," explaining that the document had been improperly submitted, signed, and filed. The county court also scheduled a hearing for March 14, 2013 on Mr. Goings's discovery motion.

2

One day prior to the hearing, Mr. Goings caused a subpoena duces tecum to be served on Officer Jared Hedge of the City of Wellington Police Department ("WPD").[1] The subpoena directed Officer Hedge to appear at the March 14 discovery hearing and to bring "[a]ny and all . . . evidence" regarding Mr. Goings's criminal case. R. at 86 (Subpoena, returned Mar. 13, 2013). Officer Hedge did not appear at the hearing, and Mr. Goings's discovery motion was not granted during that proceeding.

On March 18, 2013—while his state criminal case was pending—Mr. Goings filed a lawsuit in the United States District Court for the District of Kansas, bringing two claims pursuant to 42 U.S.C. § 1983. Mr. Goings named as defendants Kerwin Spencer, the Sumner County Attorney (in his official and individual capacities), and the "Sumner County District Attorney's Office."[2] Defendants moved to dismiss on May 20, 2013, and a full round of briefing ensued. Before the district court resolved Defendants' motion, Mr. Goings sought permission to amend his complaint, which was granted. In its ruling on the

---

[1]    According to Mr. Goings, this was the second subpoena he attempted to lodge with the WPD. The first was intended for Detective Dan Thompson; its "return on service" section contains the notation "Detective Thompson out of town." R. at 85 (Subpoena, returned Feb. 15, 2013) (capitalization altered). Mr. Goings insists that when he contacted the WPD with questions regarding the Thompson subpoena, he was told the WPD "was not going to honor any subpoena because . . . [the Sumner County Attorney] had directed them not to." *Id.* at 39 (Am. Compl., filed Oct. 3, 2013).

[2]    "Strictly speaking, . . . crimes within the county are prosecuted by the county attorney," Aplee. Br. at 7 n.6 (citation omitted)—i.e., Mr. Spencer.

motion to amend, the court accepted Mr. Goings's representation that "he [was] not seeking a ruling to specifically affect the state court proceeding" still pending in the Sumner County court, Dist. Ct. Doc. 18, at 3 (Mem. & Order on Mot. to Amend, filed Sept. 25, 2013), and determined that Defendants' motion to dismiss was moot. Mr. Goings filed his amended complaint on October 3, 2013.

As amended, Mr. Goings's complaint presented two § 1983 claims. The first claim was directed at Mr. Spencer, alleging that he violated Mr. Goings's Fourteenth Amendment right to due process by (1) promulgating and following discovery procedures inconsistent with Kansas law, and (2) telling WPD officers that they were not obligated to honor Mr. Goings's subpoenas. The second claim was directed at the "Sumner County District Attorney's Office" for its alleged failure to adequately train, supervise, and discipline county employees "regarding the practice of discovery procedures." R. at 48. Mr. Goings sought declaratory and injunctive relief. He also sought both compensatory and punitive monetary damages, explaining that he was unable to take a job "waiting for him in Pittsburg, Kansas . . . [and] at the same time be effectively involved in his own defense in the criminal case 13 CR 25" in the county court. *Id.* at 51.

Defendants once again filed a motion to dismiss on November 6, 2013, asserting two grounds for relief. First, Defendants argued that Mr. Goings's complaint did not pass muster under Federal Rule of Civil Procedure 12(b)(6)—i.e., it failed to state a claim for relief—because (a) the "Sumner

4

County District Attorney's Office" lacked capacity to be sued, and (b) the claim against Mr. Spencer was barred by absolute prosecutorial immunity. And, second, Defendants urged that dismissal was mandatory under *Younger* abstention.

On December 9, 2013, the district court granted Defendants' motion, stating that there was "no serious argument that the instant action should not be dismissed." *Id.* at 158 (Mem. & Order on Mot. to Dismiss, filed Dec. 9, 2013). The court first opined that the "Sumner County District Attorney's Office" was not amenable to suit and that absolute prosecutorial immunity shielded all of Mr. Spencer's alleged conduct pertaining to the discovery procedures and processes in Mr. Goings's criminal case. Next, the court changed course and reasoned that "some comment must also be made concerning *Younger* abstention." *Id.* at 163. It found that all of the prerequisites for invoking *Younger* were satisfied:

> First, the pleadings indicate that the plaintiff's criminal case is ongoing. Second, the state court in which the criminal prosecution is proceeding is an adequate forum to hear plaintiff's complaints about discovery and the issuance of subpoenas. Finally, the State of Kansas' prosecution of plaintiff for violation of its criminal laws involves important state interests.

*Id.* at 164. In light of Kansas's important interest in enforcing its criminal laws, the district court declared that the "proper exercise of [its] discretion" would be to abstain under *Younger*. *Id.* at 165. The court expressly stated that it was dismissing Mr. Goings's complaint for failure to state a claim *and* "based upon

5

the application of *Younger* abstention." *Id.*  The district court did not specify whether its dismissal of Mr. Goings's complaint was *with* or *without* prejudice.

**II**

**A**

We note at the outset that because Mr. Goings's filings in the district court and this court were prepared pro se, they are "entitled to a solicitous construction." *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007). His complaint is therefore subject to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks omitted), but this dispensation does not obviate "the burden of alleging sufficient facts on which a recognized legal claim could be based," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Ordinarily, we would review the district court's Rule 12(b)(6) dismissal of Mr. Goings's complaint de novo, *Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010), "accept[ing] as true all well-pleaded facts . . . and view[ing] those facts in the light most favorable to the nonmoving party," *Moya v. Schollenbarger*, 465 F.3d 444, 455 (10th Cir. 2006) (internal quotation marks omitted).  However, for reasons that we explicate below, it was improper for the district court to rule on the merits of Mr. Goings's complaint under Rule 12(b)(6), where the conditions were satisfied for application of *Younger* abstention.  Therefore, in conducting our review of the district court's dismissal, our focus is *only* on the propriety of

6

the court's *Younger* analysis. Finding that analysis sound and proper, we have no need to determine whether the district court's judgment could be upheld on the alternative ground of Rule 12(b)(6). Like a 12(b)(6) dismissal, however, we review a district court's decision to abstain under *Younger* de novo. *See Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 923 (10th Cir. 2008); *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1291 (10th Cir. 1999).

## B

Federal courts have a "virtually unflagging obligation" to exercise the jurisdiction bestowed upon them. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). But this obligation is cabined in our federal system, for "Congress has . . . manifested a desire to permit state courts to try state cases free from interference by federal courts." *Younger*, 401 U.S. at 43; *accord Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997). Consequently, in applying *Younger*, we have said that, apart from "the most exceptional circumstances,"[3] we "*must dismiss* suits for declaratory or injunctive relief against pending state criminal proceedings." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (emphasis added); *see Seneca-Cayuga Tribe of Okla. v. Okla. ex rel. Thompson*, 874 F.2d 709, 711 (10th Cir. 1989). We effect such dismissals

---

[3] "Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and . . . where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971).

with an eye toward "comity considerations," *Yellowbear*, 525 F.3d at 923, and out of "respect [for] state functions and the independent operation of state legal systems," *Phelps*, 122 F.3d at 889.

In practice, *Younger* abstention is warranted when the following conditions are satisfied:

> First, there must be ongoing state criminal, civil, or administrative proceedings. Second, the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit. Third, the state proceeding must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Taylor*, 126 F.3d at 1297; *accord Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006). Once these requirements have been met, "*Younger* abstention *dictates* that federal courts not interfere." *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (emphasis added) (internal quotation marks omitted). We have adhered strictly to this rule, observing that *Younger* abstention is "mandatory," *Walck v. Edmondson*, 472 F.3d 1227, 1233 (10th Cir. 2007), and "non-discretionary," *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003).

Bearing the foregoing standards in mind, we harbor no doubt that the district court correctly found all three *Younger* prerequisites satisfied. To begin with, Mr. Goings's state criminal prosecution—initiated in January 2013—was unquestionably "ongoing" when he filed his complaint in federal court in March

8

2013 (and the amended version of the same in October of that year). *See Webster's Third New International Dictionary* 1576 (2002) (defining "ongoing" to mean, *inter alia*, "actually in process"). Mr. Goings's arguments on appeal cast no doubt on the district court's ruling in this regard. Specifically, his argument that *Younger* abstention is inappropriate because his Kansas criminal case "is no longer on the state court docket as of January 2, 2014," Aplt. Opening Br. at 7; *see also* Aplee. Br. at 20 (noting that Mr. Goings was convicted of the charges against him on that date), is unavailing. The district court properly found that, *as presented to it*, Mr. Goings's case involved pending state criminal proceedings. *See Amanatullah*, 187 F.3d at 1164 ("At the time that the district court abstained and dismissed [the] federal complaint, there had been no hearing before an administrative law judge. We consider [Plaintiff's] claims as of that time."); *see also Chapman v. Barcus*, 372 F. App'x 899, 902 (10th Cir. 2010) (finding *Younger*'s first condition satisfied when "[t]he state custody matter was ongoing *at the time [Plaintiff] filed this action*" (emphasis added)); *Lambeth v. Miller*, 363 F. App'x 565, 568 (10th Cir. 2010) (same result when "[t]he [Kansas] abatement proceeding was ongoing *at the time plaintiff filed this action*" (emphasis added)). Accordingly, *Younger*'s first condition is satisfied.

Next, we note that Mr. Goings was obligated to "clearly show that [he] could not have raised [his] claims during the [state court] proceedings," *Valdez*, 186 F.3d at 1292, in order to defeat *Younger*'s second requirement. The focus for

9

this prong of *Younger* is "whether [the] claims *could have been raised* in the pending state proceedings." *Id.* (quoting *Moore v. Sims*, 442 U.S. 415, 425 (1979)) (internal quotation marks omitted). Mr. Goings has never lodged any cognizable argument related to this issue; in other words, he has not even attempted to explain how the district court erred in finding this second requirement satisfied. In any event, it is beyond cavil that a state court *is* an adequate forum for the resolution of challenges to distinctly state prosecutorial or court procedures or processes, which are the kind of procedures or processes that were directly at issue in Mr. Goings's claims. *Cf. Chapman*, 472 F.3d at 749 (noting the same regarding divorce-court proceedings).

Finally, *Younger*'s third condition is unmistakably satisfied. The State of Kansas has a vital interest in prosecuting individuals believed to have committed crimes against others persons—including, as is relevant here, individuals charged with harassment and witness intimidation. *See, e.g.*, *Aid for Women v. Foulston*, 441 F.3d 1101, 1119 (10th Cir. 2006) (highlighting states' "strong interest" in enforcing their criminal laws and other statutes). We would be hard-pressed to disregard the district court's reasoned conclusion that the state proceeding here implicated important state interests vis-à-vis the prevention of crime, *see Seneca-Cayuga Tribe*, 874 F.2d at 711–12, and we do not do so.

Because all three *Younger* requirements are present in Mr. Goings's case—and because Mr. Goings has not met his "heavy burden to overcome the bar

10

of *Younger* abstention," *Phelps*, 122 F.3d at 889 (internal quotation marks omitted), by plausibly establishing through his factual averments "the most exceptional circumstances," *id.*—we are satisfied that *Younger* abstention was justified. *See Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 877–78 (10th Cir. 2001).

## C

### 1

After reaching its conclusion to abstain under *Younger*—which our de novo analysis has determined to be correct—the district court should not have gone further and ruled on the merits of Defendants' 12(b)(6) challenge. We have held that this additional inquiry is improper. *See D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1232 (10th Cir. 2004) ("[T]o the extent that Plaintiffs raised [certain claims] below, *Younger* deprived the district court of jurisdiction[4] to resolve it."); *accord Caldwell v. Camp*, 594 F.2d 705, 708 (8th Cir. 1979) ("Since we hold that *Younger* requires the dismissal of Caldwell's complaint, we need not

---

[4] We have recently clarified that a dismissal based on *Younger* abstention is not a dismissal "for lack of jurisdiction" within the meaning of the federal rules. *See D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1230 n.8 (10th Cir.) ("[The] district court suggested that the *Younger* doctrine is jurisdictional. This is not precisely correct. *Younger* is a doctrine of abstention . . . under which a District Court may decline to exercise . . . its jurisdiction. This differs from a case in which the district court is barred at the outset from exercising its jurisdiction." (citations omitted) (internal quotation marks omitted)), *cert. denied*, --- U.S. ----, 133 S. Ct. 2831 (2013). For our purposes—formal semantics aside—the salient point is that *Younger* required the district court *not to rule* on the merits of Mr. Goings's complaint.

11

reach the alternate grounds for dismissal which were cited by the District Court."). Indeed, as we held in *Taylor*, a federal court's "conclusion that *Younger* abstention applies *ends the matter*." 126 F.3d at 1298 (emphasis added). We cannot harmonize the district court's duty to "abstain"—i.e., "refrain from doing something," *Black's Law Dictionary* 9 (9th ed. 2009)—regarding Mr. Goings's claims with its decision to contemporaneously tackle the merits and determine that the complaint failed to state a legally actionable claim. By undertaking this merits analysis, in effect, the district court failed to abide by the time-honored principle of showing "proper respect for state functions." *Younger*, 401 U.S. at 44.

### 2

As noted, the district court failed to specify whether its dismissal of Mr. Goings's complaint was *with* or *without* prejudice. Under our precedent, *Younger*-abstention dismissals have been treated as roughly akin to jurisdictional dismissals and, accordingly, have been considered to be *without* prejudice. *See Morrow v. Winslow*, 94 F.3d 1386, 1398 (10th Cir. 1996) (vacating merits-based ruling and remanding with instructions to abstain and enter a *without*-prejudice dismissal); *accord Caldwell*, 594 F.2d at 708 ("Although we agree that *Younger* requires the dismissal of Caldwell's complaint, we reverse the order of the District Court insofar as it appears to dismiss Caldwell's complaint with prejudice."); *cf. D.A. Osguthorpe Family P'ship*, 705 F.3d at 1230 n.8 (noting that

12

it is "not precisely correct" to describe the *Younger* doctrine as jurisdictional).

Given our conclusion that *Younger* abstention was appropriate here and that it should have been the *sole* ground for dismissal, we believe that the dismissal here should have been *without* prejudice.

However, the district court's silence regarding the with- or without-prejudice nature of its dismissal and its purported dismissal on the additional ground of failure to state a claim under Rule 12(b)(6) may engender confusion and suggest the obverse (i.e., that the dismissal was entered *with* prejudice). In this regard, Federal Rule of Civil Procedure 41(b), which deals with involuntary dismissals, provides in pertinent part the following: "Unless the [court in its] dismissal order states otherwise, . . . any dismissal . . . except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." And, none of the exceptions listed in Rule 41(b) technically apply to this lawsuit.

Moreover, it is well-settled that a dismissal for failure to state a claim under Rule 12(b)(6)—which speaks to the legal insufficiency of the claim at issue—is an adjudication on the merits. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits." (internal quotation marks omitted)); *McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009) ("Courts have held that, unless otherwise specified, a dismissal for

13

failure to state a claim under Rule 12(b)(6) is presumed to be . . . a judgment on the merits . . . ."); *cf. Bell v. Hood*, 327 U.S. 678, 682 (1946) ("If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction."). Furthermore, the Supreme Court has held that "an 'adjudication upon the merits' is the opposite of a 'dismissal without prejudice.'" *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001); *see Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 131 (D.C. Cir. 2012) ("Adjudication on the merits in this context [i.e., involuntary dismissal] means dismissal with prejudice."); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2373, 739–42 (3d ed. 2008) ("[B]ecause an involuntary dismissal is an adjudication on the merits, it is, in the phrase commonly used by the federal courts, 'with prejudice.'").

Accordingly, lest the district court's silence and its improper alternative merits decision under Rule 12(b)(6) sow seeds of confusion and suggest a dismissal *with* prejudice, we remand the case to the district court so that it may amend the judgment to expressly note a dismissal of Mr. Goings's action *without* prejudice.

**III**

We **AFFIRM** the district court's dismissal of Mr. Goings's complaint and **REMAND** the case to the court with instructions to amend its judgment to

14

explicitly dismiss Mr. Goings's lawsuit *without* prejudice.


Entered for the Court


JEROME A. HOLMES
Circuit Judge